UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE A. SOSTRE,

    Plaintiff,

v.                                               Case No. 8:22-cv-332-MAP

COMMISSIONER OF SOCIAL SECURITY

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of his claim for a continuing period of disability and disability insurance benefits (DIB).[1] Plaintiff argues that the Administrative Law Judge (ALJ) committed reversible error by failing to issue a proper comparison point decision (CPD) and failing to develop the record fully and fairly. As the ALJ's decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

    *I.    Background*

Plaintiff, who was born in 1978, claimed disability beginning October 28, 2011 (Tr. 224). Given his alleged disability, Plaintiff filed an application for a period of disability and DIB in August 2012 (Tr. 224-25). Upon consideration of Plaintiff's

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c).

application, the Commissioner issued an administrative decision on April 23, 2015, finding Plaintiff disabled as of January 17, 2013 (Tr. 83-100). Subsequently, on April 10, 2019, the Commissioner determined that Plaintiff was no longer disabled (Tr. 118, 120-26). Plaintiff appealed that decision and proceeded through the administrative process, during which the decision to cease benefits was upheld (Tr. 119, 130-54). Plaintiff then requested an administrative hearing (Tr. 155). Per Plaintiff's request, the ALJ held a telephonic hearing at which Plaintiff appeared and testified (Tr. 44-58). Following the hearing, the ALJ issued an unfavorable decision finding that Plaintiff had achieved medical improvement and could perform a significant number of jobs available in the national economy, such that Plaintiff's disability ended on April 10, 2019 (Tr. 18-42). Accordingly, the ALJ denied Plaintiff's claim for continuing benefits (Tr. 37).

In rendering the administrative decision, the ALJ noted that, at the time of the CPD, Plaintiff had the following medically determinable impairments: lumbago, multilevel disc herniation, and major depressive disorder (Tr. 26). Those impairments were found to result in a residual functional capacity (RFC) to perform sedentary work with the following exceptions: lifting and carrying 20 pounds occasionally and 10 pounds frequently; sitting for five hours in an eight-hour workday; standing and/or walking five hours in an eight-hour workday; frequently climbing stairs and ramps; occasionally climbing ladders, ropes, or scaffolds; frequently balancing; occasionally stooping, kneeling, crouching, and crawling; and limited to simple and repetitive tasks (Tr. 26).

The ALJ then concluded that, through the date of the decision, Plaintiff had not engaged in substantial gainful activity (SGA) nor developed any additional impairments after the CPD through the date of the decision, meaning Plaintiff continued to have the same impairments that he had at the time of the CPD (Tr. 26). Next, the ALJ found that, since April 10, 2019, Plaintiff had not had an impairments or combination of impairments which met or medically equaled the severity of an impairment listed in 20 C.F.R. Par 404, Subpart P, Appendix 1 (Tr. 27). Notably, the ALJ determined that medical improvement occurred on April 10, 2019 (Tr. 29). Based on such medical improvement, the ALJ found that, since April 10, 2019, Plaintiff retained the RFC to perform light work, except that he could lift and carry up to 20 pounds occasionally and 10 pounds frequently; could stand or walk for approximately six hours in an eight-hour workday and sit for approximately six hours in an eight-hour workday with normal and customary breaks; could occasionally climb ladders, ropes, and scaffolds; and could frequently climb ramps and stairs, balance, stoop, crouch, kneel, and crawl (Tr. 30).

According to the ALJ, Plaintiff's medical improvement was related to the ability to work because it resulted in an increase in Plaintiff's RFC (Tr. 35). The ALJ then determined that Plaintiff continued to have a severe impairment or combination of impairments since April 10, 2019; had no past relevant work; was a younger individual on April 10, 2019, at 40 years old; had a limited education, as Plaintiff attended school through the eighth grade in Puerto Rico but did not obtain a high school diploma; and had no transferable job skills (Tr. 35-36, 51). Given Plaintiff's background and RFC,

a vocational expert (VE) testified that Plaintiff could perform jobs existing in significant numbers in the national economy, such as a small parts assembler, a laundry folder, and an inspector and hand packager (Tr. 36-37, 56-57). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ concluded that Plaintiff's disability ended on April 10, 2019, and that Plaintiff had not become disabled again since that date (Tr. 37). Given the ALJ's finding, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 5-14, 218-20). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Administration (SSA), to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. The regulations also establish a sequential evaluation process to determine whether a claimant's disability continues or ends. 20 C.F.R. § 404.1594(f). Under this process, the Commissioner must determine, in sequence, the following:

> (1) Whether the claimant is engaging in SGA.[2] If the claimant is engaging in SGA, the Commissioner will find disability to have ended;
>
> (2) If the claimant is not engaging in SGA, whether the claimant has an impairment or combination of impairments which meets or equals the

---

[2] SGA means work that (1) involves doing significant and productive physical or mental duties; and (2) is done (or intended) for pay or profit. 20 C.F.R. § 404.1510.

severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the claimant has such impairment, the claimant's disability will be found to continue;

(3) If the claimant does not have such impairment or combination of impairments, whether there has been medical improvement,[3] as shown by a decrease in medical severity. If there has been medical improvement, the analysis proceeds to step four. If there has been no decrease in medical severity, no medical improvement has occurred, and the analysis proceeds to step five;

(4) If the claimant experienced medical improvement, whether such medical improvement is related to the claimant's ability to perform work, *i.e.*, whether or not there has been an increase in the RFC based on the impairment(s) that was present at the time of the most recent favorable medical determination. If medical improvement is not related to the claimant's ability to work, the analysis proceeds to step five, but, if medical improvement is related to the ability to work, the analysis proceeds to step six;

(5) If the Commissioner found at step three that no medical improvement occurred or if the Commissioner found at step four that medical improvement is not related to the claimant's ability to work, whether any of the exceptions in 20 C.F.R. § 404.1594(d) and (e) apply. If none apply, the disability will be found to continue. If one of the first group of exceptions to medical improvement applies, the analysis proceeds to step six. If an exception from the second group of exceptions to medical improvement applies, the claimant's disability will be found to have ended. The second group of exceptions to medical improvement may be considered at any point in the process;

(6) If medical improvement is shown to be related to the claimant's ability to do work or if one of the first group of exceptions to medical improvement applies, the Commissioner will determine whether all the claimant's current impairments in combination are severe. The Commissioner will consider all the claimant's current impairments and the impact of the combination of those impairments on the claimant's ability to function. If the RFC in step four shows significant limitation of the claimant's ability to perform basic work activities, the analysis

---

[3] Medical improvement means any decrease in the medical severity of the claimant's impairment(s) which was present at the time of the most recent favorable medical decision that the claimant was disabled or continued to be disabled. 20 C.F.R. § 404.1594(b)(1).

5

proceeds to step seven. When the evidence shows that all of the claimant's current impairments in combination do not significantly limit his or her physical or mental abilities to perform basic work activities, the impairments will not be considered severe in nature, and, if so, the claimant will no longer be considered to be disabled;

(7) If a severe impairment exists, whether the claimant can perform SGA. At this step, the Commissioner assesses the RFC based on all of the claimant's current impairments and considers whether the claimant can still do work he or she performed in the past. If he or she can perform such work, disability will be found to have ended; and

(8) If unable to perform past relevant work, whether the claimant can perform other work given the RFC and the claimant's age, education, and past work experience.[4] If the claimant can perform other work, the Commissioner will find that disability has ended. If the claimant cannot perform other work, the Commissioner will find that disability continues.

20 C.F.R. § 404.1594(f)(1)-(8).

Essentially, "[a]n ALJ may terminate a claimant's benefits if there is substantial evidence that there has been medical improvement in the claimant's impairments related to his ability to work, and the claimant is now able to engage in substantial gainful activity." *Klaes v. Comm'r, Soc. Sec. Admin.*, 499 F. App'x 895, 896 (11th Cir. 2012) (*per curiam*) (citations omitted);[5] 42 U.S.C. § 423(f)(1); *see* 20 C.F.R. §

---

[4] An exception exists where the evidence in the claimant's file about his or her past relevant work is insufficient for the Commissioner to make a finding at step seven about whether the claimant can perform past relevant work. 20 C.F.R. § 404.1594(f)(9). If the Commissioner finds that the claimant can adjust to other work based solely on his or her age, education, and RFC, the Commissioner will find that the claimant is no longer disabled, and the Commissioner will not make a finding about whether the claimant can perform past relevant work. 20 C.F.R. § 404.1594(f)(9). If the Commissioner finds that the claimant may be unable to adjust to other work or that 20 C.F.R. § 404.1562 may apply, the Commissioner will assess the claim under step seven and make a finding about whether the claimant can perform past relevant work. 20 C.F.R. § 404.1594(f)(9).

[5] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

404.1594(a). As noted above, medical improvement means any decrease in the medical severity of the claimant's impairment(s) which was present at the time of the most recent favorable medical decision that the claimant was disabled or continued to be disabled. 20 C.F.R. § 404.1594(b)(1). The conclusion that a decrease in medical severity exists must be based upon improvements in a claimant's symptoms, signs, or laboratory findings associated with the claimant's impairment(s). 20 C.F.R. § 404.1594(b)(1). To determine medical improvement, therefore, a comparison of prior and current medical evidence must indicate that improvements occurred in the symptoms, signs, or laboratory findings associated with the claimant's impairment(s). 20 C.F.R. § 404.1594(c)(1). Indeed, "a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement." *Freeman v. Heckler*, 739 F.2d 565, 566 (11th Cir. 1984) (*per curiam*) (citing *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984)). Without such comparison, no adequate finding of medical improvement can occur. *Vaughn*, 727 F.2d at 1043. The failure to make such comparison requires reversal and remand for application of the proper legal standard. *See Klaes*, 499 F. App'x at 896 (citing *Vaughn* and noting that, if the ALJ fails to evaluate the prior medical evidence and make the comparison to the new medical evidence, courts must reverse and remand for application of the proper legal standard); *see also Freeman*, 739 F.2d at 566.

     A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and

is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014); *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

    III.    Discussion

        A.    CPD

Plaintiff first argues that the ALJ erred in determining that Plaintiff achieved medical improvement as of the comparison point date because the ALJ did not independently review the medical records upon which the prior ALJ relied, as the ALJ

relied solely on an analysis of such records performed by other individuals (Doc. 15, at 7-8). Plaintiff contends that the prior ALJ cited to medical records from several sources (Tr. 95-97), but the prior ALJ failed to append an exhibit list to the CPD, and such records are not contained in the claim file. According to Plaintiff, the ALJ must know what evidence existed in the claim file at the time of the prior decision and cannot simply reweigh the same evidence upon which the prior ALJ relied. Given the void in the record regarding what evidence the prior ALJ considered and the lack of independent review of such records by the ALJ, Plaintiff posits that the ALJ did not properly determine whether Plaintiff achieved medical improvement. In response, the Commissioner concedes that the record "does not contain treatment evidence from the [CPD]" but argues that "the ALJ's determination that Plaintiff experienced medical improvement is supported by the recent objective evidence of record" (Doc. 20, at 7).

To reiterate, under the regulations, medical improvement involves "any decrease in the medical severity of impairment(s) present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled and is determined by a comparison of prior and current medical evidence which must show that there have been changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s)." 20 C.F.R. § 404.1594(c)(1). In determining whether medical improvement occurred, therefore, the Commissioner must compare the medical evidence supporting the most recent final decision finding the claimant disabled with new medical evidence. *Gombash v. Comm'r of Soc. Sec.*

9

*Admin.*, 566 F. App'x 857, 859 (11th Cir. 2014) (citing *McAulay v. Heckler*, 749 F.2d 1500 (11th Cir. 1985) and 20 C.F.R. § 404.1594(c)(1)). To terminate benefits, the Commissioner may not rely solely upon new evidence concerning disability but must also evaluate the evidence upon which the claimant was originally found to be disabled, with the failure to compare the old and new evidence precluding an adequate finding of medical improvement. *Gombash*, 566 F. App'x at 859 (citing *Vaughn*, 727 F.2d at 1043); *Klaes*, 499 F. App'x at 896 ("The ALJ must actually compare the previous and current medical evidence to show that an improvement occurred." (internal quotation marks and citation omitted)); *McAulay*, 749 F.2d at 1500 (stating that "a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement"). Indeed, the failure to evaluate the prior evidence and make such comparison warrants reversal and remand for application of the proper legal standard. *Klaes*, 499 F. App'x at 896 (citing *Vaughn*, 727 F.2d at 1043).

Here, in finding medical improvement, the ALJ referenced three documents pertaining to the prior medical evidence upon which the CPD was based – (1) the ALJ's prior decision; (2) a disability hearing officer's decision summarizing the prior evidence; and (3) a continuing disability review (CDR) analysis form prepared by an agency representative summarizing and comparing the signs, symptoms, and laboratory findings from the CPD and the current review (Tr. 29-30, 83-100, 138-45, 468-69). Nothing in the record indicates that the ALJ independently endeavored to review and compare the evidence underlying the CPD with the new medical evidence

to establish that Plaintiff experienced medical improvement. In fact, as the Commissioner concedes, none of the medical or other evidence underlying the CPD appear in this record, thus calling into question whether the ALJ could even properly make the necessary comparison. *See Lewis v. Saul*, Case No. 8:19-cv-1742-T-TGW, 2020 WL 2989389, at *3 (M.D. Fla. June 3, 2020) ("The law judge's decision is devoid of any comparison between the old evidence and the new evidence. As the plaintiff points out, there were no records exhibited prior to the comparison point decision. Consequently, it does not appear that the law judge was even in a position to make the necessary comparison." (internal quotation marks and internal citation omitted)). Rather, the ALJ simply relied upon summaries of the evidence underlying the CPD from the prior ALJ and administrative personnel without any actual review of such evidence and, notably, omitting reference to much of the evidence relied upon by the prior ALJ in rendering the CPD. A mere reference to certain evidence underlying the CPD, without a true comparison of that evidence with the new evidence, does not establish that Plaintiff achieved medical improvement, however. *See, e.g., Lewis v. Comm'r of Soc. Sec.*, Case No. 8:21-cv-1763-SPF, 2022 WL 3754905, at *4-5 (M.D. Fla. Aug. 30, 2022) ("But the ALJ did not compare the pre-CPD evidence to the new evidence. The ALJ's reference to the CPD itself and to one item of pre-CPD evidence (the July 2007 function report) does not add up to a rigorous comparison of the original medical evidence and the new evidence required to support a finding of medical improvement."); *Turner v. Saul*, Cas No. 8:20-cv-87-CPT, 2021 WL 9098221, at *4 (M.D. Fla. Mar. 31, 2021) ("The ALJ's mere reference to certain evidence underlying

the CPD in the above passage (or elsewhere in his decision), without a true comparison, does not establish that the Plaintiff has experienced medical improvement" (citations omitted)); *Lewis*, 2020 WL 2989389, at *3 ("The Commissioner suggests that a sentence in the law judge's decision is sufficient to provide a comparison of the prior evidence … That brief summary of information from the comparison point decision is not sufficiently detailed to permit the rigorous comparison of the old and new evidence that is required by the Eleventh Circuit."). Given the ALJ's failure to provide a proper comparison of the evidence underlying the CPD with the new evidence, remand is warranted.

        B.      *Development of the Record*

Next, Plaintiff argues that the ALJ failed to develop the record fully and fairly. Plaintiff points to several factors that he believes created a "heightened duty" on behalf of the ALJ to ensure that the record was fully and fairly developed and that Plaintiff received a fair decision (Doc. 15, at 10). Primarily, Plaintiff contends that his age, limited education, inability to speak English, statements regarding additional records, and the lack of records or consultative examinations recent to the ALJ's decision all support a finding that the ALJ should have employed greater effort in ensuring the record was fully and fairly developed. Plaintiff additionally asserts that the ALJ's reliance upon an opinion from an obstetrician, whose specialization had nothing to do with Plaintiff's impairments and who Plaintiff did not have a treating relationship with, was in error and that the ALJ should have instead ordered an updated consultative examination to address Plaintiff's impairments and limitations.

12

Even though Social Security proceedings are inquisitorial rather than adversarial in nature, claimants must establish their eligibility for benefits. *Ingram*, 496 F.3d at 1269; *see* 20 C.F.R. § 404.1512(a). During the administrative process, therefore, a claimant must inform the Social Security Administration about or submit all evidence known to the claimant relating to whether the claimant is blind or disabled. 20 C.F.R. § 404.1512(a). Though the claimant bears the burden of providing medical evidence showing she is disabled, the ALJ is charged with developing a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (*per curiam*). The ALJ maintains this basic obligation to develop a full and fair record without regard for whether the claimant is represented by counsel. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (citation omitted). When the plaintiff demonstrates that the record reveals evidentiary gaps which result in unfairness or clear prejudice, remand is warranted. *Id.* at 935; *see Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) ("Remand for further factual development of the record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice" (quotation and citation omitted)); *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) ("However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record" (citation omitted)).

Given my ruling set forth above regarding remand on the first issue, I need not address Plaintiff's second argument. In this instance, however, several factors,

including Plaintiff's inability to communicate in English, limited education, and difficulty obtaining legal counsel due to his age, support Plaintiff's contention that the ALJ should ensure that the record is developed fully and fairly (*see* Tr. 46-52). Accordingly, on remand, the ALJ should implement measures within his or her authority to ensure that he or she fully and fairly develops the record to the extent necessary to render a decision supported by substantial evidence.

    IV.    *Conclusion*

For the foregoing reasons, the ALJ failed to apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence. Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 27th day of December, 2022.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record